


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMARIO LYNN MCPHERSON, §
§
Petitioner, §
§
v. § NO. 4:17-CV-418-A
§ (Consolidated with
LORIE DAVIS, Director, § No. 4:18-CV-276-A)
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Amario Lynn McPherson, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), Respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as an abuse of the writ.

**I. Factual and Procedural History**

On February 21, 1996, in Tarrant County, Texas, Case No. 0572747A, pursuant to a plea agreement, petitioner pleaded guilty to one count of first-degree murder with a deadly weapon, for an offense occurring on January 3, 1995, and was sentenced to life

imprisonment in TDCJ. (SHR01[1] 38, doc. 11-2.) The primary theme in this petition appears to be that the state legislature "reduced the punishment of imprisonment for the sentence of life to 15 years"; therefore, having served over 18 years of flat time, he has completed his life sentence, in addition to a 3-year sentence on his 1998 conviction for assault on a public servant in Karnes County, Texas, Case No. 98-06-00049-CRK. (Pet.-01[2] 7-9, doc. 1; Pet.-2 3-4, doc. 6.) It is petitioner's contention that "the laws that determine [his] parole eligibility must be reviewed in order to know the number of years that the legislature has acquired as the definition for the word 'life' in [Texas Penal Code] § 12.32(a)." (Pet.-1 5, doc. 1.) It is also petitioner's contention that TDCJ has incorrectly calculated his parole eligibility under the "one-half rule" (with a 30-year maximum) instead of the "one-fourth rule" (with a 15-year maximum) in effect at the time he committed the offense. (Pet.-1 5-9, doc. 1.) Thus, he argues that he completed his life sentence over eight years ago on January 8, 2010, and, having now served all of his sentences, his continued imprisonment is illegal and unconstitutional. (Pet.-1 3, doc. 1; Pet.-2 3-5, doc. 6.)

This is petitioner's fifth federal petition filed in this

---

[1]"SHR01" refers to the record of petitioner's state habeas-corpus proceeding in WR-44,536-01; "SHR15" refers to the record of his state habeas-corpus proceeding in WR-44,536-15.

[2]"Pet.-01" and "Pet.-02" refers to petitioner's federal habeas petitions in 4:17-CV-418-A and 4:18-CV-276-A, respectively.

court under § 2254 relevant to the same conviction and/or sentence since the year 2000.[3] To the extent petitioner attempts to recharacterize the petition as a petition under § 2241 or argues that the requirements for filing federal petitions under § 2254 by state prisoners are inapplicable because he is no longer "in custody pursuant to a judgment of a state court," his arguments fail. (Pet.-1 2-3, doc. 1.) *See Jimenez v. Director, TDCJ-CID,* No. 9:08-CV-214, 2009 WL 152714, at *1 (E.D.Tex. Jan. 21, 2009) (providing "prisoners cannot evade the procedural rules governing Section 2254 petitions by the simple expedient of claiming that their petitions are brought under Section 2241 instead" and citing cases). Petitioner was previously informed that § 2254 provides the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and seeking an immediate or speedier release. *See* Order, McPherson v. Davis, No. 4:17-CV-1005-O, ECF No. 10; *Wolff v. McDonnell,* 418 U.S. 539, 554 (1974). Therefore, despite his efforts to recast the nature of this proceeding, the court must consider his claims challenging his conviction or sentence within the procedural confines of § 2254.

[3]*See* Pet., McPherson v. Johnson, No. 4:00-CV-480-Y, ECF No. 1; Pet., McPherson v. Cockrell, No. 4:02-CV-455-A, ECF No. 1; Pet., McPherson v. State, No. 4:02-CV-585-A, ECF No. 1; Pet., McPherson v. Davis, No. 4:17-CV-1005-O, ECF No. 1.

## II. Successive Petition

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive § 2254 petition filed by, or on behalf of, a state prisoner unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior petitions.

In this case, petitioner knew or should have known with any diligence at or near the time of his conviction that his parole eligibility was heightened because his judgment of conviction contains an affirmative deadly-weapon finding and that he would have to serve 30 years of his sentence, without credit for good time, before being eligible for parole under the state's statutory scheme in effect at the time.[4] Consequently, his current claims could have been raised in an earlier petition.

---

[4]The state courts have considered the issue of petitioner's parole eligibility and concluded that one-half of a life sentence cannot be quantified and, under the law in effect at the time petitioner committed the offense, he is not eligible for parole until his actual calendar time served, without consideration of good conduct time, equals 30 years. (SHR15 43, doc. 12-5.)

Further, petitioner is well aware that he must obtain authorization to file a successive petition in this court from the United States Court of Appeals for the Fifth Circuit, as the last three of his § 2254 petitions have been either dismissed or transferred to the Fifth Circuit on that basis. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition. *See United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir.1999).

**III. Warning**

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims and can include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See* Fed. R. Civ. P. 11; *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 189 (5th Cir. 2008); *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).

Petitioner is warned that the filing of any other successive challenge to his 1996 conviction or sentence and/or his

eligibility for parole, without first obtaining and providing to this Court an authorization from the United States Court of Appeals for the Fifth Circuit, may result in the imposition of sanctions, including a monetary penalty, a bar to filing any further habeas petitions, motions or lawsuits, or other impediments.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as an abuse of the writ. It is further ordered that a certificate of appealability be, and is hereby, denied.

SIGNED September 14, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE